1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                  AT TACOMA

9    JAMES STAPLES, et al.,

10              Plaintiffs,
                                                   Case No.  C07-5443RJB
11        v.
                                                   ORDER ON PLAINTIFFS' MOTION
12   DEPARTMENT OF SOCIAL AND HEALTH                FOR RELIEF FROM DEADLINE
     SERVICES, an agency of The State of            IMPOSED BY COURT ORDER AND
13   Washington,                                    MOTION TO FILE AMENDED
     ROBIN ARNOLD WILLIAMS, In her official         COMPLAINT FOR DAMAGES AND
14   capacity as Secretary, and in her individual   INJUNCTIVE RELIEF
     capacity,
15   KATHLEEN HARVEY, In her official capacity
     as Regional Administrator, and in her individual
16   capacity,
     PATRICIA LASHWAY, In her official
17   capacity as Regional Administrator, and in her
     individual capacity,
18   MICHAEL TYERS, In his official capacity as
     Regional Administrator, and in his individual
19   capacity and
     ONE OR MORE JOHN DOES,
20
                Defendants.
21

22        This matter comes before the court on plaintiffs' Motion for Relief from a Deadline Imposed

23   by Court's Order and Motion to File Amended Complaint for Damages and Injunctive Relief.  Dkt.

24   23.  The court has considered the pleadings filed in support of and in opposition to the motions and

25

26   ORDER - 1

1 | the file herein.

2 | <u>PROCEDURAL AND FACTUAL HISTORY</u>

3 | Plaintiffs James Staples, Tabo Mack, Don Cho, and Keith James filed their complaint on

4 | August 22, 2007.  Dkt. 1.  The plaintiffs claimed retaliation and employment discrimination based on

5 | race, pursuant to 42 U.S.C. §1981, against all defendants.  Dkt. 1 at 12-16.  The plaintiffs also

6 | claimed violation of their civil rights pursuant to 42 U.S.C. §1983 against defendants Williams,

7 | Harvey, Lashway, and Tyers only.  Dkt. 1 at 16-17.  On December 19, 2007, the court ordered all

8 | parties joined by January 18, 2008.  Dkt. 22.  The court denied the defendants' motion to sever on

9 | November 27, 2007, in order to afford the plaintiffs the opportunity to conduct discovery to

10 | determine whether the claim of agency-wide discrimination is supported by the evidence.  Dkt. 19.

11 | The Equal Employment Opportunity Commission (EEOC) issued "right to sue" letters to the

12 | plaintiffs on January 25, 2008.  Dkt. 23-2 at 1-4.  In these letters, the EEOC stated that it would not

13 | be able to investigate and conciliate the charge within 180 days and that the plaintiffs may institute a

14 | civil action under Title VII.  *Id.*

15 | The plaintiffs filed the instant motion to amend in part to join their Title VII claims pursuant

16 | to 42 U.S.C. §2000(e), et seq.  Dkt. 23 at 2.  The defendants also request that the complaint be

17 | amended so that it may reflect evidence obtained during discovery, and changed facts and

18 | circumstances since the filing of the initial complaint.  Dkt. 23 at 2.  Specifically, the plaintiffs would

19 | like the complaint to reflect the allegations that plaintiffs Mack and James were demoted, and that

20 | plaintiff Cho's employment has been terminated.  Dkt. 23 at 2.

21 | The plaintiffs also filed the motion for relief from a deadline imposed by court order in part to

22 | request that Ms. Cheryl Allen be joined as a plaintiff.  Dkt. 23 at 2.  Ms. Allen has been employed by

23 | the Department of Health and Human Services (DSHS) as Social and Health Program Manager 4

24 | since 1981.  Dkt. 23-3 at 12.  On or about October 2007, she informed defendants DSHS, Lashway,

25 | and Williams that she was filing an employment discrimination complaint with the EEOC.  Dkt. 23-3

26 | ORDER - 2

1   at 13.  Ms. Allen had not received a "right to sue" letter from the EEOC at the time the plaintiff's

2   motion was filed.  Dkt. 23-3 at 13.

3       The defendants filed a response opposing the plaintiffs' motion on February 11, 2008.  Dkt.

4   24.  The plaintiffs filed a reply to the defendants' response on February 26, 2008.  Dkt. 25.

5                                          DISCUSSION

6   **1. Motion for Relief from Deadline Imposed by Court Order**

7       On December 19, 2007, the court ordered all parties joined by January 18, 2008.  Dkt. 22.

8   By motion filed February 7, 2008, the plaintiffs requested that the court allow Ms. Allen to join this

9   action as a plaintiff.  Dkt. 23 at 2.

10      Where a schedule has been set by the court, the plaintiffs' ability "to amend his complaint [is]

11  governed by Rule 16(b), not Rule 15(a).  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d. 604,

12  608 (9th Cir. 1992).  Pursuant to Federal Rule of Civil Procedure 16(b), "a schedule shall not be

13  modified except upon a showing of good cause and by leave of the district judge."  Fed.R.Civ.P.

14  16(b).  A plaintiff seeking to amend the complaint after the date specified in the scheduling order

15  must first show "good cause" for the amendment under Rule 16(b).  *Id.*  If good cause is shown, the

16  party must demonstrate that the amendment is proper under Rule 15.  *Id.*

17      In order to determine if there is good cause, a party moving for an amendment of a

18  scheduling order must show (1) that it was diligent in creating a workable schedule; (2) that the

19  scheduling order contains deadlines that have become unworkable notwithstanding the party's

20  diligent efforts to comply; and (3) that the party was diligent in seeking amendment once it became

21  apparent that a deadline extension was necessary.  *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 607

22  (E.D.Cal 1999).

23      Plaintiffs  James Staples, Tabo Mack, Don Cho, and Keith James have demonstrated that

24  they were diligent in their efforts to comply with the court's schedule regarding the addition of

25  factual allegations to their Title VII claims.  The plaintiffs received their "right to sue" letters

26  ORDER - 3

1  regarding their Title VII claims from the EEOC on January 25, 2008. Dkt. 25 at 2. The plaintiffs

2  filed the instant motion to add these claims on February 7, 2008. Dkt. 23. In addition, the changed

3  facts and circumstances the plaintiff seek to incorporate into the complaint have occurred since the

4  initial complaint was filed on August 22, 2007. Dkt. 25 at 2. The plaintiffs have brought these

5  developments to the court's attention in a diligent and timely manner.

6          The plaintiffs have not articulated good cause grounds for joining Ms. Allen as a plaintiff,

7  however. Pursuant to Federal Rule of Civil Procedure 20, joinder of a party is appropriate if: (1) the

8  plaintiffs' complaints stem from a common transaction or occurrence and (2) if there is a common

9  question of law and fact. Fed.R.Civ.P. 20. The plaintiffs merely state that Ms. Allen's joinder would

10  cause no prejudice to the defendants, and that the defendants should not be surprised by this request

11  to add her as a plaintiff. Dkt. 23 at 2. The plaintiffs argue that Ms. Allen's factual allegations are

12  "similar" to those of the other four plaintiffs, and that she alleges identical legal claims. Dkt. 25 at 3-

13  4. However, those assertions do not satisfy the joinder requirement that Ms. Allen's case be part of

14  a common transaction or occurrence with the cases of the other plaintiffs in the action. *See*

15  Fed.R.Civ.P. 20. Nor do the plaintiffs allege that DSHS employs a discriminatory policy that applies

16  to all original plaintiffs and Ms. Allen. Because good cause to join Ms. Allen as a plaintiff has not

17  been demonstrated, the parties should not be granted relief from the joinder or parties deadline set

18  forth in the court's scheduling order. *See* Dkt. 22. Moreover, although this court denied the

19  defendants' motion to sever (Dkt. 19), there has been no final determination as to whether the

20  plaintiffs' claims will be tried together.

21          Therefore, the court should deny the plaintiffs' Motion for Relief from a Deadline Imposed

22  by Court's Order to the extent that Ms. Allen may not be joined as a plaintiff. The court should

23  grant the plaintiffs' Motion for Relief from a Deadline Imposed by Court's Order to the extent that

24  plaintiffs James Staples, Tabo Mack, Don Cho, and Keith James may amend their complaint to add

25  additional claims and changed facts and circumstances, as long as there is good cause shown for

26  ORDER - 4

1  amending the complaint.

2      **2. Motion to file Amended Complaint**

3      The proposed amended complaint filed by the plaintiffs on February 7th includes Ms. Allen as

4  a plaintiff. Dkt. 23-3. As discussed in the preceding paragraphs (*see supra* at p. 4), this is no longer

5  at issue because the plaintiffs have not shown good cause for relief from the court-ordered deadline

6  to join Ms. Allen as a plaintiff.

7      At issue here is whether the original plaintiffs may file an amended complaint to add

8  additional allegations and changed facts and circumstances. *See supra* at p. 2. Specifically, the

9  plaintiffs wish to amend the complaint to join their Title VII claims with their 42 U.S.C. §§ 1981 and

10  1983 claims. Dkt. 23 at 2. The plaintiffs also seek to amend their complaint to reflect the alleged

11  changes in employment status of plaintiffs Mack, Cho and James. Dkt. 23 at 2. The defendants

12  assert that the plaintiffs may not bring a 42 U.S.C. §1983 claim based upon a violation of the rights

13  secured by Title VII, and therefore, amendment of the complaint to add the Title VII claims would

14  be futile. Dkt. 24 at 6; *citing Learned v. City of Bellevue,* 860 F.2d 928, 933 (9th Cir. 1988). As a

15  result, defendants argue, the amended complaint contains 3 impermissible claims for each of the five

16  plaintiffs which causes the defendants undue prejudice. Dkt. 24 at 6.

17      Only four factors are relevant to whether leave to amend should be granted: (1) undue delay;

18  (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party.

19  *Foman v. Davis,* 371 U.S. 178, 182 (1962). These factors are not of equal weight, and delay alone

20  is enough to deny leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). The

21  opposing party bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d

22  183, 186 (9th Cir. 1987). Prejudice often arises where the opposing party is surprised with new

23  allegations which require more discovery or will otherwise delay resolution of the case. *Acri v. Int'l*

24  *Assn. Of Machinists and Aerospace Workers,* 781 F.2d 1393, 1398-99 (9th Cir. 1986).

25      The plaintiffs have shown that leave to amend is proper regarding the addition of their Title

26  ORDER - 5

1    VII claims.  The plaintiffs received their "right to sue" letters from the EEOC on January 25, 2008.

2    Dkt. 23 at 2.  The plaintiffs state that they were awaiting these "right to sue" letters so that they

3    could properly join their Title VII claims.  Dkt. 23 at 2.  The plaintiffs allege several violations of

4    Title VII and 42 U.S.C. 1981 in their claims for relief in their amended complaint.  Dkt. 23-3 at 14-

5    20.  The plaintiffs phrase nearly all of these allegations as violating "[t]itle VII or §1981."  *Id.*  The

6    defense's assertion that plaintiffs in the 9th Circuit may not bring a 42 U.S.C. § 1983 claim based on a

7    violation of the rights secured by Title VII (Dkt. 24 at 6) does not mean that the plaintiff's Title VII

8    claims are impermissible.  Most of the plaintiff's Title VII claims are referred to in conjunction with

9    §1981, and *Learned v. City of Bellevue,* defendants' cited law on point, addresses §1983, not §1981.

10   *See Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th Cir. 1988).

11        Pursuant to the pleading requirements in Federal Rule of Civil Procedure 8(a), the plaintiffs'

12   complaint must contain allegations sufficient to show that the plaintiff is entitled to relief.

13   Fed.R.Civ.P. 8(a).  The plaintiffs have met this burden regarding their Title VII claims in their

14   amended complaint by alleging general violations of Title VII.  Dkt. 23-3.  In addition, the EEOC

15   stated that the plaintiffs have a right to pursue civil remedies for their Title VII claims (see Dkt. 25-

16   2).  The question of whether the plaintiffs have facts in their favor to prove their claims is more

17   appropriately brought before the court in a dispositive motion.  Therefore, the addition of the

18   plaintiffs' Title VII claims is now appropriate.

19        The plaintiffs have also demonstrated that leave to amend is proper regarding the addition of

20   changed facts and circumstances.  The plaintiffs wish to incorporate changed facts and

21   circumstances, such as changes in employment status, which occurred since the filing of the initial

22   complaint.  Dkt. 23-2.  Pursuant to Federal Rule of Civil Procedure 15(a), the court may allow

23   amendment of the pleadings when justice so requires.  Fed.R.Civ.P. 15(a).  Changed facts and

24   circumstances, particularly changes in employment status of the plaintiffs, are particularly relevant to

25   this case and will aid both parties in navigating discovery.  The danger of delay caused by the

26   ORDER - 6

1  addition of this information is outweighed by its significance to the case.

2      The court should grant the plaintiffs' Motion to File Amended Complaint for Damages and

3  Injunctive Relief to the extent that plaintiffs James Staples, Tabo Mack, Don Cho, and Keith James

4  may join their Title VII claims with their 42 U.S.C. §§ 1981 and 1983 claims.  The court should also

5  grant the plaintiffs' Motion to File Amended Complaint for Damages and Injunctive Relief to the

6  extent that those plaintiffs may amend the complaint to include changed facts and circumstances.

7

8      Therefore, it is hereby

9      **ORDERED** that plaintiffs' Motion for Relief from a Deadline Imposed by Court's Order and

10  Motion to File Amended Complaint for Damages and Injunctive Relief is **GRANTED** in part and

11  **DENIED** in part.  The plaintiffs' request to join Ms. Cheryl Allen as a plaintiff is **DENIED**.  The

12  Plaintiffs' request that James Staples, Tabo Mack, Don Cho, and Keith James be allowed to join their

13  Title VII claims with their 42 U.S.C. §§ 1981 and 1983 claims is **GRANTED.**  The plaintiffs'

14  request that plaintiffs James Staples, Tabo Mack, Don Cho, and Keith James may include changed

15  facts and circumstances in their amended complaint is **GRANTED.**  The plaintiffs shall file a revised

16  amended complaint excluding Ms. Allen as a party and otherwise reflecting the specifications set

17  forth in this order.

18      The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

19  record and to any party appearing *pro se* at said party's last known address.

20      DATED this 3rd day of March, 2008.

21

22

    Robert J Bryan
    United States District Judge

23

24

25

26  ORDER - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER - 8