UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES STAPLES, et al.,

              Plaintiff,

    v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

              Defendants.

Case No. C07-5443RJB

ORDER VACATING
ORDER GRANTING
*PRO HAC VICE* STATUS
AND ORDER
REGARDING SEALING
OF DOCUMENTS

This matter comes before the court on the Order to Show Cause issued on September 2, 2008 (Dkt. 44) and on the response thereto (Dkt. 47).

For many, many years, states have limited the practice of law to members of the bar in order to protect the public against rendition of legal services by unqualified persons. In the State of Washington, this was accomplished by the State Bar Act, RCW 2.48, and the adoption of Rules of Professional Conduct. The federal courts followed suit by adopting rules for admission to practice before the federal courts of this district. *See* Western District of Washington Local Rule 2. As part of its duty to protect the public against rendition of legal services by unqualified persons, the Western District of Washington has relied upon Washington State statutes and rules, as is reflected throughout General Rule 2. Also as part of its duty, this district has granted permission for lawyers admitted in other states to participate in particular cases under certain requirements and restrictions. *See* Western District of Washington Local General Rule 2(d). As is reflected in General Rule 2(d), application for permission to participate in a particular case is made by a filing with the clerk that sets forth certain information. The clerk approves or disapproves such application, in the first instance. In this case, the clerk authorized the admission of Anne Sulton to

participate in this case, in spite of the fact that there were warning signs on Ms. Sulton's application that her admission should have been questioned.

Western District of Washington Local General Rule 2(d) provides, in pertinent part, that "any member of good standing of the bar of any court of the United States . . . and who neither resides nor maintains an office for the practice of law in the Western District of Washington normally will be permitted, upon application, and upon a showing of particular need, to appear and participate in a particular case . . ." While the rule provides that such out-of-state bar members will normally be permitted to appear and participate if the requirements are met, it follows that if the requirements are not met, they would normally not be allowed to appear and participate. The requirements are: no residence in the Western District of Washington; no maintenance of an office for the practice of law in the Western District of Washington; and a showing of particular need. The record herein indicates that Ms. Sulton falls short on all three requirements.

First, Ms. Sulton is clearly a "resident" of this district. In a May 2007 email, she indicated that she resides in Olympia, WA, which is within this district. She is registered to vote in this district. She has a Washington State Driver's License. She lives here between 10 and 20 percent of her time, in a home owned by a family member. The Secretary of State's website (www.secstate.wa.gov/elections/faq2.aspx) is instructive in this regard. One cannot register to vote in this state unless that person is a resident, and once residence is established, it exists until a new residence is established. Further, absence from the state on business does not affect the question of a person unless the right to vote has been claimed or exercised elsewhere.

Of similar interest is the Washington Department of Revenue's website (www.dor.wa.gov), which indicates that the State Department of Revenue presumes that a person is a resident of Washington if she is registered to vote in this state, or if she has a Washington State Driver's License.

Whether one would be qualified for in-state tuition or where one's will might be probated on death, are not relevant to the basic issue of residence.

Ms. Sulton offers no information that she has a residence other than in this district.

Second, Ms. Sulton appears to maintain a law office in this district. She is admitted to practice in Wisconsin, and the Wisconsin State Bar Association Lawyer Directory indicates that her address is "Sulton

Law Offices" with a Post Office Box in Olympia, WA. Ms. Sulton is also admitted in Colorado and the Colorado Supreme Court Lawyer Directory also indicates that the address of the Sulton Law Offices is in Olympia, WA. The Findlaw.com directory goes one step further. It lists the Sulton Law Offices in Olympia, WA, with the P.O. Box address and also refers to her office as "an Olympia, Washington litigation and appeals law firm." The reference to Ms. Sulton's office being in Olympia, WA, appears on various pleadings in various cases, and in news articles, and perhaps most importantly, in her pleadings filed in this case. She recites her identification as Anne T. Sulton, Ph.D., J.D., Sulton Law Offices, P.O. Box 2763, Olympia, WA, 98507, (360) 870-6000. Any reader who sees a reference to Sulton Law Offices and an Olympia P.O. Box, and a Western Washington area code, would assume that the occupant of those offices was admitted to practice, and practicing law, in Washington State.

Ms. Sulton is not admitted to practice in Washington State.

Third, in her application for leave to appear *pro hac vice* (Dkt. 10), she listed, in response to the question, "The particular need for my appearance and participation is:" "I am appearing as lead counsel." That is hardly a sufficient showing of a particular need to appear and participate. In her Response to the Order to Show Cause (Dkt. 47), Ms. Sulton states, at page 6, "I believe I am the only person in the nation experienced in employment discrimination litigation and familiar with the complex criminal/juvenile justice issues that are inextricably intertwined with the plaintiff's employment discrimination claims." That somewhat grandiose statement does not explain how such complex issues are inextricably intertwined with plaintiff's claims. A review of the complaint indicates that this appears to be a somewhat routine employment discrimination and retaliation case. Even with the additional information Ms. Sulton provides, she has not shown a particular need to appear in this case.

The court does not wish to make any findings here about possible violation of the Washington Rules of Professional Conduct. A review of RPC 5.5, however, raises substantial issues. In particular, *see* RPC 5.5(b)(1) & (2), and Comment 4.

This court is not unsympathetic with individual who practices law or engages in other businesses or professions that are national - or international - in scope, where the individuals do not maintain a single office and reside wherever they happen to be, so long as a computer terminal is available. Regardless of

1   such trends, states - and this state - license lawyers, and courts - including this court - must supervise

2   lawyers to protect the public.

3        It appears that for all of the foregoing reasons, the Order Admitting Anne Sulton as *pro hac vice*

4   attorney for plaintiffs herein should be vacated.

5        Pursuant to the General Order of the Court Regarding Public Access to Electronic Case Files (filed

6   5/29/03), the parties are to redact the following information from documents and exhibits before filing:

7   Dates of Birth - redact to the year of birth; Names of Minor Children - redact to the initials; Social Security

8   Numbers - redact to the last four digits;  Financial Accounting Information - redact to the last four digits.

9   The General Order was issued pursuant to the official policy on privacy adopted by the Judicial Conference

10  of the United States and can be found on the court's website (http://www.wawd.uscourts.gov). *See also*

11  Fed. R. Civ. P. 5.2.

12       The exhibit accompanying the Declaration of Kathryn M. Battuello (Dkt. 41), contains information

13  that must be redacted from public documents.  In order to restrict access to the private and confidential

14  information that has made its way into the record in an expeditious manner, the clerk of court is directed

15  hereby to seal Docket No. 41.  The parties are directed to promptly review all previously filed documents

16  to insure that they do not contain additional information that should have been redacted.  The parties shall

17  make every effort to avoid such public disclosures of confidential information in the future.

18       As a result of the filing of Docket No. 41, a portion of the record is now sealed, which is

19  inconsistent with the public's right of access.   The defendants are therefore ordered to file, within 10 days

20  of the date of this order, a redacted version of Docket No. 41.

21       **IT IS SO ORDERED.**

22       The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

23  party appearing *pro se* at said party's last known address.

24       DATED this 9th day of September, 2008.

25

26

27       Robert J. Bryan
         United States District Judge

28

ORDER
Page - 4