UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES STAPLES, TABO MACK, DON
CHO, and KEITH JAMES,

    Plaintiffs,

  v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

    Defendants.

CASE NO. C07-5443RJB

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' DISCOVERY
MOTION PURSUANT TO FED.
R. CIV. P. 26 AND FED. R.
CIV. P. 37.

  This matter comes before the Court on Defendants' Discovery Motion Seeking Relief Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 (Dkt. 40). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. PROCEDURAL BACKGROUND

  Defendants filed their Discovery Motion Seeking Relief Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 (Dkt. 40) with the court on August 27, 2008. Defendants seek

> an order that provides the following relief: 1) compels each plaintiff to fully and appropriately respond to Interrogatory 3 and 4 and Requests for Production A, D, F, L, M, G, and H of *Defendants' First Interrogatories and Requests for Production* within five days of the date of the court's order; 2) directs each plaintiff to fully supplement all other responses to *Defendants' First Interrogatories and Requests for Production* within five days of the date of the court's order; 3) compels plaintiffs to respond to *Defendants' Second Interrogatories and Requests for Production*

ORDER - 1

>*to James Staples, Keith James, Don Cho and Tabo Mack* within five days of the court's order; 4) confirms the permissible scope of any ongoing discovery between the July 23 cut-off date for discovery on plaintiffs' agency claims and the September 23 cut-off date for discovery on plaintiffs' individual employment discrimination claims; strikes any request for production in *Plaintiffs' Discovery Requests to All Defendants*, served on August 22, 2008, that pertains to plaintiffs' agency claims or is otherwise not reasonably calculated to lead to the discovery of admissible evidence on the individual employment discrimination claims; and precludes any additional discovery that pertains to plaintiffs' agency claims; 5) requires plaintiffs, their attorneys or both to pay the defendants' reasonable expenses incurred in pursuing this motion and in pursuing the completion of plaintiff Tabo Mack's deposition, including attorneys fees; and 6) any other relief that this Court deems appropriate."

Dkt. 40.

Plaintiffs' Response in Opposition to Defendants' Motion to Compel (Dkt. 48) was filed with the Court on September 8, 2008. In their response, Plaintiffs explain that they "are confused by Defendants' discovery motion, and respectfully request a hearing." Dkt. 48, p. 2. In a response consisting entirely of a two and a half page "introduction," Plaintiffs' counsel addresses some of the concerns raised in Defendants' Discovery Motion, and directs the Court to "E-mail traffic" that Plaintiffs believe "supports their position that they have engaged in a good faith effort to respond to reasonable discovery requests." Dkt. 48, pp. 3-4. Plaintiffs conclude by requesting that Defendants' Discovery Motion (Dkt. 40) be denied.

Because the Court finds matters raised in Defendants' Discovery Motion (Dkt. 40) suitable for disposition without oral argument, Plaintiffs' request for a hearing is denied.

## II. DISCUSSION

Federal Rule of Civil Procedure 26 ("Fed. R. Civ. P. 26") states the general provisions governing discovery. Fed. R. Civ. P. 26(b)(1) provides that "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible information." Fed. R. Civ. P. 26(b)(1).

ORDER - 2

Federal Rule of Civil Procedure 37 ("Fed. R. Civ. P. 37") addresses a party's failure to make disclosures or to cooperate in discover and sanctions. Fed. R. Civ. P. 37(a)(1) provides that a party may move for an order compelling discovery, and that such a motion must include a certification that the movant has made good faith efforts to obtain the requested disclosure or discovery without court action. Additionally, Fed. R. Civ. P. 37(a)(4) states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Each form of relief requested in Defendants' Discovery Motion Seeking Relief Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 (Dkt. 40) is addressed below.

**A.   Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants' First Written Discovery Requests**

**1) Interrogatories No. 3 and No. 4**

First, Defendants seek an order compelling Plaintiffs to "fully and appropriately" respond to Interrogatories No. 3 and No. 4 of *Defendants' First Interrogatories and Requests for Production to Plaintiff Tabo Mack, Plaintiff James Staples, Plaintiff Don Cho and Plaintiff Keith James*. The full text of Interrogatory No. 3 is provided below.

> **INTERROGATORY NO. 3 (Claims/Facts):** Please specifically identify each and every individual or other entity who you claim, by action or inaction, engaged in unlawful employment practices against you and which you include in this lawsuit (including but not limited to the discrimination, disparate treatment, disparate impact, and/or retaliation alleged in your Complaint filed in this lawsuit); for each such identified individual or entity, describe fully the action or inaction you claim constituted each unlawful employment practice (including but not limited to the discrimination, hostile work environment, harassment, and/or retaliation alleged in your Complaint); and for each action or inaction you claim constituted an unlawful employment practice, state all facts known to you which support or relate in any way thereto.

Dkt. 40, p. 3.

Plaintiff James Staples' response to Interrogatory No. 3 is provided below.

> **ANSWER:** Please see the Complaint and proposed Amended Complaint, specifically those paragraphs referring to my allegations. In addition to the specific allegations contained in my complaints, I also am complaining about retaliatory transfers, training opportunities being denied to me, de-certification of my status as a "functional family therapist," and, most recently, refusal to accommodate my participation in the diversity committee. All of these complained of activities were taken with the knowledge and/or participation of Defendants Harvey and Williams.

Dkt. 41, Ex C.

Plaintiff Don Cho's response to Interrogatory No. 3 is provided below.

> **ANSWER:** As noted in the Complaint and proposed Amended Complaint, I was denied a promotion and permanent placement into the position for which I was fully qualified. Defendant Tyers made the decision to deny me the promotion and permanent position. After I told Defendant Tyers that I believe his materially adverse employment decision was based upon my race, Defendant Tyers placed me on administrative leave and told me I was being investigated for improper conduct. I then filed an employment discrimination complaint with the Washington State Human Rights Commission. I was terminated from my job in retaliation for complaining about racial discrimination. Defendant Williams took no remedial steps to correct the problem after she was notified. I do not know who made the decision to terminate my employment.

Dkt. 41, Ex E.

Plaintiffs Keith James and Tabo Mack's identical response to Interrogatory No. 3 is provided below.

> **ANSWER:** Please see the Complaint and proposed Amended Complaint, specifically those paragraphs referring to my allegations, including those complaining about the retaliatory transfer and demotion. All of these complained of activities were taken with the knowledge and/or participation of Defendant Williams.

Dkt. 41, Ex D, F.

Plaintiffs' Answers to Interrogatory No. 3 fail to "describe fully the action or inaction" each Plaintiff claims constituted unlawful employment practices as requested in Interrogatory No. 3. Plaintiffs Answers also fail to "state all facts known" which support or relate to their claims, as

ORDER - 4

requested in Interrogatory No. 3. Under Fed. R. Civ. P. 37(a)(4), such incomplete answers must be treated as a failure to answer. Therefore, Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants First Written Discovery Requests in regards to Interrogatory No. 3 should be granted, and Plaintiffs should fully respond to Interrogatory No. 3 by October 10, 2008.

Next, the full text of Interrogatory No. 4 is provided below.

> **INTERROGATORY NO. 4 (Health Care Providers):** In paragraph 59 you claim to have suffered anxiety, personal indignity, humiliation, embarrassment and emotional distress, please identify all physicians, therapists, practitioners, psychologists, counselors or other health care professionals, or hospitals, clinics, programs or other treatment facilities who treated and/or examined you or where you were treated or examined for the same.

Dkt. 40, pp. 3-4.

Plaintiffs James Staples, Keith James, Don Cho, and Tabo Mack all provided the same Answer to Interrogatory No. 4, which is provided below.

> **ANSWER:** This request is confusing. I assume you are asking for all health care providers providing services to me for physical and emotional damages I have suffered as a result of the illegal employment discrimination I experienced. At this time, I am not claiming physical injuries, or special damages relating to my emotional suffering.

Dkt. 41, Ex C, D, E, F.

Plaintiffs' Answer to Interrogatory No. 4 is confusing. In their Complaint (Dkt. 1) filed August 22, 2007, Plaintiffs allege that they have suffered injuries, damages, and losses including anxiety, personal indignity, humiliation, embarrassment, and emotional distress. Dkt. 1, p. 13. However, when the Plaintiffs signed their Responses to Defendants' First Interrogatories and Requests for Production on February 18, 2008, each stated, "I am not claiming physical injuries,

ORDER - 5

or special damages relating to my emotional suffering" in responding to Interrogatory No. 4. When Plaintiffs filed their Amended Complaint (Dkt. 27) on March 4, 2008, they once again alleged damages and losses including anxiety, personal indignity, humiliation, embarrassment, and emotional distress. On April 23, 2008, Plaintiffs' counsel sent an e-mail informing Defendants that she intended to call two doctors as witnesses to testify about the mental health services the doctors provided to Plaintiffs James Staples and Tabo Mack. Dkt. 41 (*Battuello Decl*., Ex. H.: e-mail from Plaintiff's attorney Anne Sulton to defense counsel reading "we intend to call dr. sandra walker (sic) . . . to discuss the mental health services she is providing to mr. james staples (sic). . . .we also intend to call ms. tara hollander (sic), msw (sic), . . . to discuss the mental health services she is providing to mr. tabo mack (sic).").

Plaintiffs' Answers to Interrogatory No. 4 are "evasive or incomplete" under Fed. R. Civ. P. 37(a)(4), and constitute failures to disclose. Therefore, Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants First Written Discovery Requests in regards to Interrogatory No. 4 should be granted, and Plaintiffs should fully respond to Interrogatory No. 4 by October 10, 2008.

**2) Requests for Production A, D, F, L, M, G, & H**

Next, Defendants seek an order compelling Plaintiffs' counsel to respond to Requests for Production A, D, F, L, M, G, and H, and to otherwise identify which of the more than 1,500 documents that Plaintiffs produced correspond to which requests for production.

On April 8, 2008, defense counsel made a request to Plaintiffs' counsel to clarify how and/or which of the 1500-plus pages of documents (numbered and unnumbered) that were produced were responsive to specific requests for production. Dkt. 41, p. 3. On June 8, 2008, Plaintiffs' attorney sent an e-mail message to defense counsel explaining "because the case

continues to 'evolve' . . . I am not currently able to specifically state which of the documents I previously sent . . . now are responsive to a particular discovery request." Dkt. 41, Ex. L.

Fed. R. Civ. P. 34(b)(2)(E)(I) provides that a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Plaintiffs did not show how the documents were usually kept, and failed to organize and label the documents produced to correspond to the appropriate requests for production. This failure to organize and label the responsive documents constitutes an "evasive or incomplete" response under Fed. R. Civ. P. 37(a)(4). Therefore, Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants First Written Discovery Requests in regards to Requests for Production A, D, F, L, M, G, and H should be granted, and Plaintiffs should appropriately organize and label all documents responding to Requests for Production A, D, F, L, M, G, and H by October 10, 2008.

**3) Request for Order Compelling Supplementation**

Defendants also request that any order compelling discovery direct Plaintiffs to supplement previous responses in which Plaintiffs indicate documents would be forthcoming. Defense counsel specifically points to Interrogatory No. 2 and Requests for Production C and J. For example, in response to Request for Production J's request for copies of documents that confirm Plaintiffs' educational history and degrees, Plaintiffs answered by stating that these materials had been ordered and that copies will be provided after receipt. However, Defendants alleges that these copies have not yet been produced.

Fed. R. Civ. P. 37(a)(1) provides that a moving party must include a certification that good faith efforts have been made to obtain the requested material before moving for an order compelling discovery. In their motion, Defendants state, "Although this request for

supplementation has not been specifically raised in discovery conference, defense counsel no longer has a reasonable basis for believing that plaintiffs' counsel will confer in good faith and cooperate in a timely manner with respect to any ongoing discovery issues." Dkt. 40, p. 5, footnote 10. Because Defendants have not included certification that good faith efforts were made to obtain the supplemental material desired before filing this motion to compel, Defendants' request for an order compelling Plaintiffs to supplement their previous responses to Interrogatory No. 2 and Requests for Production C and J should be denied without prejudice.

### 4) Request for Signature Pages

In a single sentence, Defendants request that any order compelling discovery direct Plaintiffs' counsel to "provide fully executed signature pages for the responses provided by plaintiffs Staples, Mack and James." Dkt. 40, p. 5. Defendants' request is too vague to be granted because it is unclear from the motion which signature pages for which responses Defendants are referring to. Accordingly, Defendants' request that an order compelling Plaintiffs to provide fully executed signature pages for the responses provided by Plaintiffs Staples, Mack and James should be denied without prejudice. Obviously, however, Plaintiffs should comply with Fed. R. Civ. P. 11.

**B.     Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants' Second Written Discovery Requests**

On July 7, 2008, *Defendants' Second Set of Interrogatories and Requests for Production to James Staples, Keith James, Don Cho and Tabo Mack* were served on Plaintiffs. Dkt. 41, p. 5. Defendants assert that Plaintiffs have not provided any response to these interrogatories and requests for production.

Plaintiffs' Response in Opposition to Defendants' Motion to Compel (Dkt. 48) does not provide any explanation for Plaintiffs' failure to respond to *Defendants' Second Set of*

ORDER - 8

*Interrogatories and Requests for Production to James Staples, Keith James, Don Cho and Tabo Mack.* Fed. R. Civ. P. 33(b)(2) provides that parties must serve their answers and any objections within 30 days after being served with interrogatories. Here, Plaintiffs have failed to respond or object within the 30 days mandated by Fed. R. Civ. P. 33. Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants' Second Written Discovery Requests should be granted, and Plaintiffs should fully and appropriately respond to Defendants' Second Set of Interrogatories and Requests for Production by October 10, 2008.

**C.      Defendants' Fed. R. Civ. P. 26(d) Motion for a Protective Order**

**1) Request for Confirmation of Permissible Scope of Discovery**

On May 1, 2008, the Court issued an Order Granting Joint Motion to Modify Case Scheduling Order and Continue Trial Date (Dkt. 32). An Amended Minute Order (Dkt. 33) setting trial, pretrial dates and ordering mediation was issued on May 2, 2008. In that Order, the Court granted the parties' stipulated deadline of July 23, 2008, for discovery on agency claims. The Order also established the stipulated deadline of September 23, 2008, for the completion of all remaining discovery.

Defendants allege that Plaintiffs' counsel has attempted to schedule depositions of witnesses who appear to lack knowledge of Plaintiffs' individual employment claims after the deadline for discovery on agency claims. Additionally, Defendants allege that Plaintiffs' counsel has attempted to expand the scope of discovery depositions of witnesses with knowledge of Plaintiffs' individual employments claims beyond their knowledge related to the Plaintiffs' individual employment situations; to serve written discovery requests that have no relevance to the Plaintiffs' individual employment claims; and to supplement Plaintiffs' Fed. R. Civ. P. 26(a)

Initial Disclosures to include witnesses who appear to lack knowledge of Plaintiffs' individual employment claims.

Defense counsel now seeks a protective order confirming the scope of permissible discovery at this phase of litigation and precluding any discovery other than that which is reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiffs' individual employment claims.

The discovery deadline for Plaintiffs' agency-wide claims was July 23, 2008. Therefore, a protective order precluding discovery which is not reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiffs' individual employment claims should be granted. However, defense counsel should be mindful that evidence of individual and agency claims may overlap, and that the rules of discovery are to be broadly and liberally construed to facilitate identifying the issues, promote justice, provide a more efficient and speedy disposition of the case, avoid surprise, and prevent the trial of a lawsuit from becoming a guessing game. *See Hickman v. Taylor*, 329 U.S. 495 (1947).

**2) Request to Strike**

Defendants also request that the Court issue an order to strike any request for production served on August 22, 2008 that pertains to Plaintiffs' agency claims or is otherwise not reasonably calculated to lead to the discovery of admissible evidence on the individual employment discrimination claims. This form of relief requested is too vague to be granted. Therefore, Defendants' request that the Court issue an order to strike any request for production pertaining to Plaintiffs' agency claims should be denied without prejudice.

**4.    Defendants' Fed. R. Civ. P. 37 Request for Sanctions**

**1) Request for Sanctions for Expenses Incurred in Bringing Motion**

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendants request that the Court order Plaintiffs, their attorneys, or both to "pay the defendants' reasonable expenses incurred in making this motion, including attorney's fees." Under Rule 37(a)(5)(C), if a motion for an order compelling disclosure or discovery is granted in part and denied in part, the court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

Having reviewed the record, the Court notes that discovery in this case appears to have been fraught with delays and misunderstandings. However, the Court does not find the actions of the parties during discovery to constitute sanctionable conduct. Therefore, Defendants' Fed. R. Civ. P. 37 Request for Sanctions for expenses incurred in bringing this motion should be denied.

**2) Request for Sanctions for Expenses Incurred in Mack Deposition:** Defendants, pursuant to Fed. R. Civ. P. 37(d), also request that the Court order Plaintiffs, their attorneys, or both, to pay the Defendants' expenses incurred in conjunction with the deposition of Plaintiff Tabo Mack. Fed. R. Civ. P. 37(1)(a) provides that "the Court . . . *may*, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear, for . . . deposition." Fed. R. Civ. P. 37(1)(a) (emphasis added).

Here, the record reflects that conduct of both Plaintiffs' counsel and defense counsel may have contributed to the confusion surrounding the scheduling of Mr. Mack's deposition. The Court does not find Mr. Mack's failure to appear for deposition on July 21, 2008, to be sanctionable under the circumstances. Accordingly, Defendants' Fed. R. Civ. P. 37 Request for Sanctions for expenses incurred in conjunction with the deposition of Tabo Mack should be denied.

### III.  ORDER

Therefore, the Court does hereby **ORDER**:

(1) Defendants' Discovery Motion Seeking Relief Pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 37 (Dkt. 40) is **GRANTED IN PART AND DENIED IN PART**;

(2) Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants First Written Discovery Requests is **GRANTED IN PART**. Plaintiffs shall fully and appropriately respond to Interrogatory No. 3 and No. 4 and Requests for Production A, D, F, L, M, G, & H of *Defendants' First Interrogatories and Requests for Production to Plaintiff Tabo Mack, Plaintiff James Staples, Plaintiff Don Cho and Plaintiff Keith James* by October 10, 2008;

(3) Defendants' request for an order compelling plaintiffs to supplement their previous responses to Interrogatory No. 2 and Requests for Production C and J is **DENIED WITHOUT PREJUDICE**. Defendants' request for an order compelling plaintiffs to provide fully executed signature pages for the responses provided by plaintiffs Staples, Mack, and James is **DENIED WITHOUT PREJUDICE**;

(4) Defendants' Fed. R. Civ. P. 37(a)(2) Motion to Compel Responses to Defendants' Second Written Discovery Requests is **GRANTED**. Plaintiffs shall fully and appropriately respond to Defendants' Second Set of Interrogatories and Requests for Production by October 10, 2008;

(5) Defendants' Fed. R. Civ. P. 26(d) Motion for a Protective Order is **GRANTED IN PART AND DENIED IN PART**. Defendants' request for a protective order precluding discovery which is not reasonably calculated to lead to the discovery of admissible evidence regarding plaintiffs' individual employment claims is **GRANTED**. Defendants' request for an order striking any request for production in *Plaintiffs' Discovery Requests to All Defendants*, served on August 22, 2008, that pertains to plaintiffs' agency claims or is otherwise not reasonably calculated to lead to the discovery of admissible evidence on the individual employment discrimination claims is **DENIED WITHOUT PREJUDICE**;

(6) Defendants' Fed. R. Civ. P. 37 Request for Sanctions for expenses incurred in bring this motion, and for expenses incurred in conjunction with the deposition of Tabo Mack, is **DENIED**.

DATED this 25th day of September, 2008.

Robert J Bryan
United States District Judge

ORDER - 12