UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES STAPLES, et al.,

    Plaintiffs,

 v.

DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

    Defendants.

CASE NO. C07-5443RJB

ORDER DENYING PLAINTIFFS'
DISCOVERY MOTION
SEEKING RELIEF PURSUANT
TO FED. R. CIV. P. 37

This matter comes before the Court on Plaintiffs' Discovery Motion Seeking Relief Pursuant to Fed. R. Civ. P. 37 (Dkt. 45). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2008, the Court issued an Order granting the parties' joint motion to modify the case scheduling order and continue the previously-set trial date. Dkt. 32. An amended minute order setting trial, pretrial dates and ordering mediation was issued on May 2, 2008. Dkt. 33. In that order, the Court approved the stipulated discovery deadlines propounded in the parties' joint motion (Dkt. 31). Pursuant to the Court's amended minute order, the deadline for discovery on Plaintiffs' agency claims was set for July 23, 2008, and the deadline for all remaining discovery was set for September 23, 2008. Dkt. 33.

ORDER - 1

At the request of Plaintiffs' former counsel, Ms. Anne T. Sulton, a deposition of Mr. William H. ("Woody") Hodge was scheduled for August 22, 2008. In responding to Ms. Sulton's request to schedule Mr. Hodge's deposition, Defendants' counsel, Ms. Kathryn Battuelo, informed Plaintiffs that the deadline for agency claims had passed, and that defense counsel was not "agreeable to continuing discovery that is related to plaintiffs' agency claims." Dkt. 55, Ex A. In response, Ms. Sulton sent an e-mail message to Defendants reading, "the [sic] federal rules of discovery allow me to depose all the witnesses i [sic] identified. i [sic] never said i [sic] wanted to depose these persons just on agency-wide issues." Dkt. 55, Ex B. On August 1, 2008, defense counsel sent a letter to Plaintiffs' counsel confirming Mr. Hodge's August 22nd deposition date, and stating, "As indicated in my letter of June 29, 2008 I will object to any questions that bear on the plaintiff's [sic] agency discrimination claims because the discovery cut-off date for discovery on these issues is passed." Dkt. 55, Ex C.

On August 22, 2008, Ms. Sulton and Ms. Battuello met to conduct the depositions of John Clayton, Frances Carr, and Woody Hodge. Before these depositions began, Ms. Battuello reiterated her position on the record that the scope of discovery should be limited to Plaintiffs' individual employment claims and that any discovery dealing with agency claims was barred under the Court's scheduling order. Dkt. 55, Ex D. In response, Ms. Sulton voiced her opinion on the record that there were no such limitations on discovery. *Id*.

During the deposition of Mr. Hodge, Ms. Sulton produced an e-mail written by Mr. Hodge and questioned him about the identities of the people to whom the e-mail message had been sent. Dkt. 55, Ex E. Ms. Battuello objected to this line of questioning, arguing that Plaintiffs had failed to produce this e-mail in discovery, and that the content of the e-mail did not involve Plaintiffs' individual employment claims. *Id*. Ms. Battuello instructed Mr. Hodge to not answer any questions about the e-mail unless Ms. Sulton could explain how the e-mail related to the Plaintiff's individual employment claims. *Id*.[1]

---

[1] While a lawyer may <u>advise</u> a witness about the necessity of answering a deposition question, it is doubtful that a lawyer has the authority to <u>instruct</u> a witness not to answer.

ORDER - 2

1     Ms. Sulton did not explain how Mr. Hodge's e-mail related to Plaintiffs' individual
2 employment claims. *Id*. Instead, Ms. Sulton stated, "we're going to adjourn [this] deposition
3 because we've reached an impasse as we did with Ms. Carr. I have to now go to the Court and
4 ask the Court for permission to allow me to do this level of discovery. In the meantime, I'm
5 going to send this to every news media outlet in the State of Washington." *Id*.

6     On September 2, 2008, Ms. Sulton filed this "Plaintiffs' Discovery Motion Seeking Relief
7 Pursuant to Fed. R. Civ. P. 37" (Dkt. 45). In this motion, Plaintiffs' seek the following relief: 1)
8 an order pursuant to Fed. R. Civ. P. 37 compelling Defendants to allow Plaintiffs to complete the
9 deposition of Mr. Hodge; and 2) an order awarding Plaintiffs their attorneys' fees and expenses
10 incurred in bringing the motion. Dkt. 45. Defendants filed a Response (Dkt. 54) to Plaintiff's
11 discovery motion on September 11, 2008.

## II.    DISCUSSION

13     Federal Rule of Civil Procedure 26 ("Fed. R. Civ. P. 26") provides that "[u]nless
14 otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged
15 matter that is relevant to any party's claim or defense. . . . Relevant information need not be
16 admissible at trial if the discovery appears reasonably calculated to lead to the discovery of
17 admissible evidence." Fed. R. Civ. P. 26(b)(1).

18     Under Fed. R. Civ. P. 37, a party may move for an order compelling disclosure or
19 discovery. Fed. R. Civ. P. 37(a)(1). A party seeking to compel a discovery response "may move
20 for an order compelling an answer . . . if: (i) a deponent fails to answer a question. . . .". Fed. R.
21 Civ. P. 37(3)(b).

**A. Motion to Compel**

23     In this case, Plaintiffs seek an order pursuant to Fed. R. Civ. P. 37 compelling Defendants
24 to allow Plaintiffs to complete the deposition of Mr. Hodge. The basis for this motion is that
25 defense counsel purportedly stopped the deposition of Mr. Hodge when Ms. Sulton asked Mr.
26 Hodge about an e-mail message he testified to sending. Ms. Sulton claims that Ms. Battuello

1  limited and/or refused to allow Plaintiffs to obtain from Mr. Hodge the identities of the individuals
2  owning the 15 e-mail addresses to which Mr. Hodge's e-mail message was sent.

3  Defendants are correct in asserting that pursuant to Court order, the discovery deadline
4  for Plaintiffs' agency claims was July 23, 2008. Dkt. 31, 32. The deposition of Mr. Hodge
5  occurred after the deadline for Plaintiff's agency claims had passed; therefore, any questions not
6  reasonably calculated to lead to the discovery of admissible evidence for Plaintiffs' agency claims
7  were barred.

8  Plaintiffs submitted a copy of the e-mail message in controversy as an Exhibit with their
9  motion. In their motion, Plaintiffs assert that all of the persons who received the e-mail message
10 might have discoverable information pertaining to Plaintiffs' individual employment claims.
11 However, after a thorough review of the record, the deposition transcript of Mr. Hodge, and
12 particularly the text of the e-mail message, it is unclear why Plaintiffs would have such a belief.
13 The e-mail message has no apparent connection to Plaintiffs' individual employment claims.
14 Because the discovery deadline for Plaintiffs' agency claims has passed, and because the text of
15 the e-mail message does not appear "reasonably calculated to lead to the discovery of admissible
16 evidence" as to Plaintiffs' individual employment claims, Plaintiffs' motion to compel should be
17 denied. However, Plaintiffs' counsel may take some comfort in knowing that the identities of the
18 individuals behind 14 of the e-mail addresses to which Mr. Hodge sent the message in controversy
19 can be ascertained by performing simple "Google" internet searches.

20 **B. Request for Attorneys' Fees and Expenses**

21 Plaintiffs also seek an order awarding them attorneys' fees and expenses incurred in
22 bringing this motion under Fed. R. Civ. P. Rule 37(a)(5)(B). Under the circumstances presented
23 here, both parties' positions were substantially justified, and the request for fees and expenses
24 should be denied.

### III. ORDER

26 Therefore, the Court does hereby ORDER:

27 (1) Plaintiffs' Discovery Motion Seeking Relief Pursuant to Fed. R. Civ. P. 37 is **DENIED**.

(2) The Clerk is directed to send copies of this Order to Plaintiffs, and to counsel for Defendants.

DATED this 25th day of September, 2008.

/s/ Robert J Bryan
Robert J Bryan
United States District Judge

ORDER - 5