UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES STAPLES, TABO MACK, DON CHO, and KEITH JAMES,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, an agency of the State of Washington, ROBIN ARNOLD-WILLIAMS, in her official capacity as Secretary, and in her individual capacity, KATHLEEN HARVEY, in her official capacity as Regional Administrator, and in her individual capacity, PATRICIA LASHWAY, in her official capacity as Regional Administrator, and in her individual capacity, and MICHAEL TYERS, in his official capacity as regional Administrator, and in his individual capacity,<br><br>Defendants. | Case No. C07 5443 RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF TABO MACK'S CLAIMS. |

This matter comes before the court on Defendants' Motion for Summary Judgment. Dkt. 70. The court has considered the pleadings filed in support of the motion and the file herein.

On January 6, 2009, the defendants filed a motion for summary judgment to dismiss the plaintiff Tabo Mack from this action. Dkt. 70.

Mack filed no response in opposition to the defendants' motion for summary judgment. Under CR 7(d)(3), any opposition papers to dispositive motions shall be filed and served not later than the Monday before the noting date. If a party fails to file papers in opposition to a motion, such failure may be

ORDER
Page - 1

considered by the court as an admission that the motion has merit. CR 7(b)(2). The court should grant the defendants' motion for summary judgment because Mack failed to respond, and, under CR 7(b)(2), this is an admission that the defendants' motion has merit.

Furthermore, the court has reviewed the defendants' uncontested submissions in support of this motion for summary judgment, and these submissions indicate that dismissal is appropriate.

First, individual employees cannot be held liable under Title VII for discrimination or retaliation, and Mack's Title VII claim against Ms. Arnold-Williams, Ms. Harvey, Ms. Lashway and Mr. Tyers should be dismissed *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–588 (9th Cir. 1993).

Second, states, state agencies or individuals in their official capacity cannot be sued under under 42 U.S.C. § 1981 and 42 U.S.C. § 1983, and Mack's claims against DSHS and against Arnold-Williams, Harvey, Lashway and Tyers in their official capacities should be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the state nor its officials acting in their official capacity are "persons" under § 1983), *see Pittman v. Oregon*, 509 F.3d 1065, 1070-1074 (9th Cir. 2007) (stating that 42 U.S.C. § 1981 does not permit actions against the state or arms of the state.)

Third, only individual defendants that caused or personally participated in causing the alleged deprivation of protected rights are subject to liability under 42 U.S.C. § 1983. Mack offered no evidence that Arnold-Williams, Harvey, Lashway or Tyers personally participated in the alleged wrongdoing; therefore, these defendants should be dismissed.

Fourth, Mack failed to identify the specific employment practice or criteria, by using statistical evidence, which resulted in a disparate treatment on his protected class. *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee*, 833 F.2d 1334, 1338 (9th Cir. 1987) (stating that the plaintiff must make a prima facie case and carries the burden of demonstrating that the challenged employment practice produces a significantly discriminatory selection pattern.) Because Mack failed to make a prima facie case of disparate impact, Mack's disparate impact claims should be dismissed.

Fifth, Mack failed to produce specific and substantial evidence to meet a prima facie case for disparate treatment and retaliation, and even if he did, he produced no evidence that DSHS's asserted legitimate non-discriminatory/retaliatory reason was pretextual. *McDonnell Douglass Corp. v. Green*, 411

U.S. 792, 802-804 (1973). Therefore, the court should grant the defendants' motion for summary judgment on Mack's claims of disparate treatment and retaliation.

Finally, because Mack failed to provide any evidence in support of a Title VII claim of disparate treatment or retaliation, the court should grant the defendants' motion to dismiss on Mack's claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. *See Surrell v. Ca. Water Serv. Co.,* 518 F.3d 1097 (9th Cir. 2009) (stating that when a court examines a complaint of discrimination or retaliation under 42 U.S.C. § 1981 or 42 U.S.C. § 1983, the court uses the same standards as Title VII including the *McDonnell Douglas* burden-shifting framework.); *see also Federal Deposit Ins. Corp. v. Henderson,* 940 F.2d 465, 473 fn. 14 (9th Cir. 1991).

Therefore, it is hereby

**ORDERED** that DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING PLAINTIFF TABO MACK'S CLAIMS (Dkt. 70) is **GRANTED.** The plaintiff Tabo Mack's claims against the defendants are **DISMISSED WITH PREJUDICE.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of February, 2009.

_____
ROBERT J. BRYAN
United States District Judge