UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES STAPLES, TABO MACK, DON CHO and KEITH JAMES,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>Defendants. | Case No. C07 5443 RJB<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS |

This matter comes before the court on Defendants' Motion for Attorney Fees and Costs. Dkt. 107. The court has considered the relevant documents in support of and in opposition to the motion and the remainder of the file herein.

On March 3, 2008, the defendants filed a motion requesting that this court award the defendants reasonable attorneys' fees and costs against the plaintiffs in the amount of $20,000. Dkt. 107. On March 10, 2008, the plaintiffs responded that they had meritorious claims, and that they did not attempt to multiply the proceedings or act in bad faith. Dkt. 109. In his response, plaintiffs' counsel discussed at great lengths his expectation that the court would grant his Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment (Dkt. 93). *Id*. The defendants did not file a reply to the plaintiffs' response.

The plaintiffs' response is not an opportunity to move for reconsideration of the court's Order Denying Motions for Order Providing Extension of Time to Respond to Defendants' Motions for

ORDER
Page - 1

1 Summary Judgment (Dkt. 100). It was not reasonable for the plaintiffs to expect an extension of time under the circumstances of this case and the impending trial date. It is never reasonable to anticipate a ruling on a contested motion. *See* Dkt. 94 (Defendants' Opposition to the Plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment). Furthermore, lawyers are bound by Washington Rule of Professional Conduct 1.1, which states that "a lawyer shall provide competent representation to a client," and "[c]ompetent representation requires the legal knowledge, skill thoroughness and preparation reasonably necessary for the representation."

Nevertheless, there is no showing that this action was unreasonable, frivolous, meritless or vexatious. *See Galen v. County of Los Angeles,* 477 F.3d 652, 656 (9th Cir. 2007) (a district court may award attorneys' fees pursuant to 42 U.S.C. § 1988 to a prevailing civil rights defendant if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious"); *see also Vernon v. City of Los Angeles,* 27 F.3d 1385, 1402 (9th Cir. 1994) (a prevailing defendant should not routinely be awarded attorneys' fees simply because he has succeeded, but rather only where the action is found to be "unreasonable, frivolous, meritless, or vexatious," and the mere fact that a defendant prevails does not automatically support an award of fees). Here, the court granted the defendants' motions for summary judgment because there were no issues of material fact raised, but there is no showing that the plaintiffs' action was unreasonable, frivolous, meritless or vexatious.

Therefore, it is hereby

**ORDERED** that Defendants' Motion for Attorney Fees and Costs (Dkt. 107) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of March, 2008.

Robert J Bryan
United States District Judge